[Sac. No. 968.   Department Two. — December 4, 1901.]

## NATIONAL BANK OF D. O. MILLS & CO., Appellant, v. A. S. GREENLAW, Treasurer, etc., Respondent.

RECLAMATION DISTRICTS — LEGAL INTEREST UPON UNPAID WARRANTS — APPLICATION OF STATUTES. — The unpaid warrants of reclamation districts bear legal interest, under sections 3456 and 3457 of the Political Code, which is to be computed at the rate of seven per cent per annum, as fixed by section 1917 of the Civil Code. Section 71 of the County Government Act, providing for five per cent interest upon warrants not paid for want of funds, applies to county warrants, and does not include the warrants of reclamation districts.

APPEAL from a judgment of the Superior Court of Sacramento County.   Peter J. Shields, Judge.

The facts are stated in the opinion.

A. M. Seymour, and White & Miller, for Appellant.

A. L. Shinn, for Respondent.

HAYNES, C. — *Mandamus.*   Plaintiff is the owner of warrant No. 222, drawn by the trustees of Reclamation District No. 551, on June 5, 1895, for the sum of $3,851.50, upon the defendant, as county treasurer.   Said warrant was, on June 7, 1895, presented to the defendant for payment, but there being no funds in the county treasury to the credit of said district with which to pay the warrant, the treasurer indorsed thereon the fact and date of its presentation, the non-payment thereof, and thereupon duly registered said warrant.   On April 24, 1901, said warrant was again presented for payment, and defendant then offered to pay the same, with interest thereon from the date of first presentation at the rate of five per cent per annum.   Plaintiff demanded payment, with interest at seven per cent, and defendant refused to pay interest at that rate, and on plaintiff's petition setting forth said facts, an alternative writ of mandate was issued and served.   Defendant demurred to the petition for want of facts sufficient to constitute any ground for relief, and upon the hearing the demurrer was sustained and judgment entered for defendant, and the plaintiff appeals.

The only question made or discussed is, whether the rate of interest upon said warrant is five per cent or seven per cent.

The assessments levied upon reclamation districts are required to be collected and paid into the county treasury, and placed in a fund to the credit of the district, and paid out by the treasurer upon warrants of the district. (Pol. Code, sec. 3456.) Section 3457 of the Political Code, as amended March 30, 1874, provides: "The warrants drawn by the trustees must, after they are approved by the board of supervisors, be presented to the treasurer of the county, and if they are not paid on presentation, such indorsement must be made thereon, and they must be registered, and bear interest from the date of presentation; provided, warrants heretofore issued shall bear no interest." Prior to this amendment there was no provision in said section relating to interest.

Another provision of the Political Code relating to warrants of reclamation districts is found in section 3456, as amended in April, 1876, which provides for the collection of assessments made upon such districts, to the effect that such assessments shall be paid in gold coin, "or in warrants drawn by order of the trustees thereof, and approved by the board of supervisors of the county. Where payment is made in the warrants of the district, *legal interest* must be computed thereon from the date thereof to the time of such payment, when such warrants must be surrendered to the treasurer and by him canceled."

The Political Code not having specifically expressed in words or figures the rate of interest such warrants should bear, appellant contends that the rate is fixed by section 1917 of the Civil Code, which (so far as material here) provides: "Unless there is an express contract in writing, fixing a different rate, interest is payable on all moneys at the rate of seven per cent per annum, after they become due, on any instrument of writing, except a judgment."

Respondent contends that the rate of interest upon the warrant in question is fixed by section 71 of the County Government Act (Stats. 1897, p. 477), which provides: "When any warrant is presented to the treasurer for payment, and the same is not paid for want of funds, the treasurer must indorse thereon, 'Not paid, for want of funds,' and sign his name thereto, and from that time until paid the warrant bears five per cent interest per annum." His argument is, that the words "any warrant" include warrants of reclamation districts, and fix the rate to be paid upon the warrant in question. This contention cannot be sustained. The County Government Act of

1883 (Stats. 1883, sec. 74, p. 318) fixed the rate of interest upon warrants not paid for want of funds at five per cent per annum, but section 76 of said act shows that the warrants there referred to were "county warrants." That rate has not since been changed, and every county government act since passed continues that rate of interest, and contains the same reference to "county warrants." The Political Code, as originally adopted, contained substantially the same provisions as the County Government Act of 1883, except that it fixed the rate of interest upon county warrants at seven per cent (2 Ann. Codes 1872, p. 201, sec. 4178), while the same code was silent as to interest on warrants of reclamation districts. (See 1 Ann. Codes 1872, p. 646, sec. 3457.) If the legislature had intended, when it amended said section 3457, that warrants of reclamation districts should bear the same "interest" that county warrants bore, we may well presume it would have said so; and that in amending section 3456, instead of providing that such warrants should bear "legal interest," it would have made a like reference. The Civil Code fixed the rate of interest in all cases, in the absence of "an express contract in writing," and we cannot infer that the legislature intended to fix a different rate in any particular case by anything less than an express statement of the rate to be charged, or by an express reference to some other statute fixing a different rate. In the absence of such reference to a particular statute fixing a different rate, the word "interest," or the words "legal interest," mean, in a statute, what they would be held to mean if used in a contract in writing between individuals.

Our conclusion is, that the demurrer to the petition is not well taken, and as the answer denying that said warrant bears interest at the rate of seven per cent raises no issue of fact, that the judgment be reversed, with directions to overrule the demurrer and enter judgment for the plaintiff granting the writ as prayed for.

Smith, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed, with directions to the court below to overrule the demurrer and enter judgment for the plaintiff as prayed for in its petition.        McFarland, J., Henshaw, J., Temple, J.

Hearing in Bank denied.